[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dissolution of marriage. By way of relief the plaintiff claims:
1. A dissolution of the marriage;
2. A fair and equitable division of the property;
3. Exclusive possession of the family residence;
4. Custody of the minor child;
5. Support of the minor child.
The defendant has filed a cross-complaint and by way of relief claims:
1. Custody of the minor child;
2. Support of the minor child;
3. Alimony;
4. An allowance to prosecute;
5. A dissolution of the marriage;
6. An equitable distribution of the assets;
7. A decree that the jointly owned property shall belong solely to the defendant.
Many of the underlying facts in this case are not in dispute. The plaintiff and the defendant, whose maiden name was Christina Maria Pulpil, intermarried at New London, Connecticut, on July 22, 1978. Both the plaintiff and the defendant have resided continuously in the State of Connecticut for at least one year next before the date of the complaint. The marriage has broken down irretrievably and there is no reasonable prospect of reconciliation. The plaintiff and the defendant have one minor child issue of the marriage, Samantha Pementil, born March 24, 1979. No other minor children have been born to the defendant wife since the date of the marriage.
The defendant is presently unemployed and has not worked since approximately July, 1989. Her unemployment compensation benefits have terminated. The defendant had a hysterectomy during the summer of 1989 and has not worked since that surgery. Her employment was terminated in December, 1989. That termination is presently under appeal. Following CT Page 1040 her surgery the plaintiff was seen by a psychologist for approximately six months. She still suffers from pain in her lower stomach. She is presently unable to do physical labor, although she is able to do light work such as typing and clerical. She has interviewed for a number of jobs recently but has not been offered any employment.
The plaintiff is presently employed as a maintenance man.
Both the plaintiff and the defendant were employed throughout their marriage and contributed approximately equal amounts towards the marital assets.
From the evidence presented the Court finds that the plaintiff and the defendant are equally at fault for the breakdown of the marriage.
From the evidence presented the Court finds that the plaintiff and the defendant have the following joint debts:
A. First mortgage debt with an approximate balance of $54,000.00:
B. CHIF loan with an approximate balance of $1,800.00 (incurred for installing a furnace);
C. HFC loan with an approximate balance of $2,300.00 (incurred for home improvements).
The Court further finds from the evidence presented that the plaintiff presently owes Electric Boat Credit Union approximately $1,500.00 (incurred for home improvements) and owes Sears approximately $500.00. Further, the defendant is indebted to Kay Jewelers with an approximate balance of $538.00 and to Mallove's Jewelers with an approximate balance of $1,200.00; and to Sears with an approximate balance of $700.00.
The parties own jointly the family residence at 34 Fitch Avenue, New London, Connecticut, with a fair market value of $100,000.00.
The plaintiff presently grosses from his employment $556.04 and nets $407.79.
The plaintiff owns a 1978 Datsun with a fair market value of $500.00 and also owns a 1989 Harley motorcycle with a fair market value of $10,000.00 and a loan balance of $7,000.00, leaving an equity of $3,000.00. The plaintiff also CT Page 1041 has an account at the Electric Boat Credit Union with a $25.00 balance. There are jointly owned antiques, furnishings and household furniture with an approximate value of $3,000.00. The parties are in dispute as to how to divide the household furniture, furnishings and antiques.
LAW
This Court has considered and weighed the factors set forth in section 46b-81 (c) in determining the issues of assignment of property and has considered and weighed the factors set forth in section 46b-82 in determining alimony. This Court has also considered and weighed the factors set forth in section 46b-62 in determining whether to grant attorneys' fees. This Court has also considered and weighed the factors set forth in section 46b-84 in determining support.
ORDER
This Court hereby enters the following orders:
1. The marriage of the parties in this action is hereby dissolved on the grounds of irretrievable breakdown, and each of the parties are hereby declared to be single and unmarried.
2. The plaintiff is awarded sole custody of the minor child and the defendant shall have reasonable rights of visitation which shall include every other Saturday commencing August 25, 1990 from 9:00 a.m. to 8:00 p. m. In addition, the parties shall alternate holidays in the following manner:
Date Holiday Party
Monday, September 3, 1990 Labor Day Plaintiff Monday, October 8, 1990 Columbus Day Defendant Monday, November 12, 1990 Veterans' Day Plaintiff Thursday, November 22, 1990 Thanksgiving Day Defendant Tuesday, December 25, 1990 Christmas Day Plaintiff Tuesday, January 1, 1991 New Year's Day Defendant Monday, January 21, 1991 Martin Luther King Day Plaintiff Tuesday, February 12, 1991 Lincoln Day Defendant Monday, February 18, 1991 Washington's Birthday Plaintiff Good Friday Defendant Monday, May 27, 1991 Memorial Day Plaintiff Thursday, July 4, 1991 Independence Day Defendant
On the holidays that the defendant has the right of visitation, such visitation shall be from 8:00 a.m. to CT Page 1042 8:00 p. m. Commencing Labor Day 1991, the parties will reverse the above schedule of holidays.
3. No support order is entered at this time due to the defendant's present unemployment status.
4. The plaintiff is ordered to pay to the defendant $20.00 per week as periodic alimony for a period of fifty-two weeks. Said alimony is non-modifiable as to amount and further will terminate upon the earliest of the following events:
A. Fifty-two weeks from the date of commencement;
B. Death of the defendant;
C. Remarriage of the defendant.
5. The plaintiff shall be entitled to claim the minor child as an exemption for Internal Revenue Service purposes.
6. The defendant is ordered to pay the debt to Kay Jewelers, Mallove Jewelers and Sears shown on her financial affidavit, and is to hold the plaintiff harmless therefrom. Additional, though not listed on the defendant's affidavit, there is a debt owed to Westerly Jewellers that the defendant is ordered to pay in the approximate amount of $131.00 and is to hold the plaintiff harmless. Further, there was a debt incurred by the defendant's mother at Gerald's. The defendant is ordered to hold the plaintiff harmless for the payment of said debt. The plaintiff is ordered to pay the debt to Sears shown on his financial affidavit with an approximate balance of $500.00 and is to hold the defendant harmless therefrom.
7. The parties are ordered to sell the family residence located at 34 Fitch Avenue, New London, Connecticut, with the proceeds of the sale to be allocated as follows:
A. Payment of the first mortgage;
B. Payment of the CHIF loan;
C. Payment of the HFC loan;
D. Payment of Electric Boat Credit Union loan.
The balance of the net proceeds after deducting real estate taxes, closing costs, real estate agency fees and customary closing expenses is to be divided equally between the parties. CT Page 1043
8. The plaintiff is awarded exclusive use and possession of the family residence. The plaintiff is to be solely responsible for the payment of the first mortgage, real estate taxes, sewer use charges, insurance and the weekly payments due on the CHIF loan, HFC loan and Electric Boat Credit Union loan until the property is sold.
9. Each party is responsible for the payment of their own attorney's fees.
10. The disputed personal property items shown with a red check mark on Defendant's Exhibit 1 and listed in paragraphs 2, 4, 6, 7, 8, 11, 12, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 27, 28, 29, 30, 37, 40, 42, 43, 46, 47, 48, 51 and 52 therein are to be divided as follows: The defendant is to have her first choice of those items listed in one of the paragraphs above listed and the plaintiff will then have his choice of those items listed in one of the paragraphs above listed, with the parties continuing to alternate in the above manner until all items have been divided between them.
AXELROD, J.